IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK W. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| SANTANDER CONSUMER USA D/B/A | ) | |
| CHRYSLER CAPITAL AND COLLIER BLACK, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DERRICK W. BAKER, by and through his attorneys, The Blanchard Law Group, P.C., and in support of his complaint against the Defendants, SANTANDER CONSUMER USA D/B/A CHRYSLER CAPITAL and COLLIER BLACK, complains as follows:

## NATURE OF THE ACTION

1.      Plaintiff, DERRICK W. BAKER ("Baker") brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981 to remedy acts of employment discrimination perpetrated against him by Defendants. Baker contends that Defendants discriminated against him by subjecting him to different terms and conditions than white employees and eventually terminating him. This action also involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. in that Baker put Defendant Santander on notice that he needed FMLA leave and Defendant

Santander failed to provide the requisite leave. Plaintiff also claims that Defendant retaliated against him by terminating him because he needed FMLA leave. Plaintiff demands trial by jury.

## PARTIES

2.      Baker is, and at all times material hereto was, a citizen of the State of Illinois, residing in Cook County, Illinois and is an African American.

3.      Defendant SANTANDER CONSUMER USA D/B/A CHRYSLER CAPITAL ("Santander") provides automotive financing for dealers and consumers and is headquartered in Dallas, Texas. At all times material hereto, Santander was doing business in this District.

4.      Defendant COLLIER BLACK ("Black") beginning in July of 2017 was Baker's supervisor and took actions to subject Baker to different terms and condition of employment because of Baker's race and made the decision to terminate Baker.

## JURISDITIONAL STATEMENT

5.      On or about March 1, 2018 Baker filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross filed with the Illinois Department of Human Rights ("IDHR"). (A true and correct copy of the charge of discrimination is attached as Exhibit "A.")

6.      On or about August 16, 2018 Baker received a right to sue letter from the EEOC. (A true and correct copy of the right to sue letter is attached as Exhibit "B.")

7.      Jurisdiction is conferred for the Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. §2000e-5(f)(3). Jurisdiction is conferred for the FMLA action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## JURISDICTION AND VENUE

8.      Jurisdiction is conferred for the Title VII claim by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3). Jurisdiction over 42 U.S.C. §1981 is conferred by 28 U.S.C. 1343(4). Jurisdiction over 42 U.S.C. §1981 is conferred by 42 U.S.C. §1988.  Jurisdiction is conferred for the FMLA action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(c). Defendant Santander is subject to personal jurisdiction in this District because it maintains a facility and conducts business operations in this District.  Defendant Black is subject to personal jurisdiction in this District because the actions complained of took place in this District.

## FACTUAL ALLEGATIONS

10.      On or about June 25, 2016 Baker was hired by Santander as a Dealer Relationship Manger ("DRM").   As a DRM Baker was responsible for developing and maintaining relationships with dealers in his assigned territory, and advising dealers regarding Santander's underwriting guidelines, programs and products.

11.      When Baker was hired on June of 2016 he first reported to Scott Daumer (white), who was the Regional Sales Manager ("RSM"). However, in or about February of 2017 Baker started reporting to Collier Black (white) ("Black") when Black was promoted to the RSM position.

12.      On or about August 24, 2016 Jenna Rounding (white), who was a Vice President over sales for Defendant Santander told Daumer at a party the Baker was "very articulate and well spoken".

13.      Baker's wife was diagnosed with breast cancer in February of 2016.  On or about September 10, 2016 Baker informed Stephanie Hall, Senior Dealer Relationship Manager, that

3

due to some cancer treatments his wife was undergoing that he needed to take time off to care for her. Baker and Hall had several conversations about this issue.

14.     Despite Defendant Santander having notice that Baker was in need of FMLA leave it failed to request additional information to confirm Baker's entitlement to leave.

15.     In June of 2017, Baker was excluded from a meeting with his customer, Leonard Mancari.  The explanation Black gave for excluding Baker was that Black did not want to overwhelm the customer with too many people. However, Baker was the only manger the customer knew. Baker was also the only African-American DSM in the region.

16.     On or about July 14, 2017 Baker was written up and placed on a coaching plan despite the fact that Santander conducted a monthly performance review which showed that Baker was performing satisfactorily.

17.     Prior to July of 2017 all of Baker's monthly reviews and his annual performance review indicated that he was performing satisfactorily.

18.     Defendants subjected Baker to different terms and conditions of employment than white DSM's in that Baker's reports had different requirements than the white DSMs.

19.     On or about October 6, 2017 Defendants terminated Baker's employment.

**COUNT I – FMLA INTERFERENCE CLAIM AGAINST DEFENDANT SANTANDER**

20.     Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 19, inclusive, as set forth above.

21.     Despite Santander having notice that Baker was in need of FMLA leave Defendant failed to request additional information to confirm Baker's entitlement to leave.

22.     As a proximate cause of Defendants' conduct Baker's right to leave to care for his wife was interfered with and impaired.

4

23.     By the conduct described above Defendant violated the Family Medical Leave Act.

**WHEREFORE**, Plaintiff DERRICK W. BAKER, prays that this court enters an order against Defendant Santander granting the following relief:

a)     Back pay in excess of Fifty Thousand Dollars ($50,000.00);

b)     Front pay in excess of Fifty Thousand Dollars ($50,000.00);

c)     Liquidated damages;

d)     A permanent injunction requiring Defendants to abolish the described behavior;

e)     Attorney fees and costs; and

f)     Any further and different relief that the court deems appropriate.

**COUNT II – FMLA RETALIATION CLAIM AGAINST SANTANDER**

24.     Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 23, inclusive, as set forth above.

25.     On or about September 10, 2016 Baker informed Santander that he needed to take time off to care for his wife.

26.     After Baker made the above-mentioned request, he suffered the adverse employment actions of being placed on a coaching plan, a performance improvement plan and termination.

27.     Baker suffered the adverse employment actions as a result of him engaging in the protected activity.

28.     An employer placing an employee on coaching plan, a performance improvement plan and then terminating them would dissuade a reasonable employee from engaging in the protected activity.

**WHEREFORE**, Plaintiff DERRICK W. BAKER, prays that this court enters an order against Defendant Santander granting the following relief:

a)   Back pay in excess of Fifty Thousand Dollars ($50,000.00);

b)   Front pay in excess of Fifty Thousand Dollars ($50,000.00);

c)   Liquidated damages;

d)   A permanent injunction requiring Defendants to abolish the described behavior;

e)   Attorney fees and costs; and

f)   Any further and different relief that the court deems appropriate.


**COUNT III - WRONGFUL TERMINATION UNDER TITLE VII AGAINST SANTANDER**

29.   Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 28, inclusive, as set forth above.

30.   Defendants told Baker that he was terminated due to his job performance.

31.   The alleged reason Defendants gave for terminating Baker was pretextual because similarly situated employees who were not African -American, performed similarly and were not terminated.

32.   Defendants subjected Baker to different terms and conditions of employment than white DSM's in that Baker's reports had different requirements than the white DSMs.

33.   By the conduct described above Defendant Santander violated Title VII.

**WHEREFORE**, Plaintiff DERRICK W. BAKER, prays that this court enters an order against Defendant Santander granting the following relief:

a)   Compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b)   Punitive damages in excess of Fifty Thousand Dollars ($50,000.00);

c)      A permanent injunction requiring Defendant to abolish discrimination;

d)      Attorney fees and costs; and

e)      Any further and different relief that the court deems appropriate.

**COUNT IV  -  PROHIBITIED DISCRIMINATION UNDER 42 U.S.C. § 1981 REGARDING DEFENDANT BLACK IN HIS INDIVIDUAL CAPACITY**

34.      Defendant Black intentionally discriminated against Baker due to his race in that Black did not terminate similarly performing DSMs that were not African-American and Black subjected Baker to different terms and conditions of employment than white DSM's because Black had different requirements for Baker's reports than the white DSMs.

35.      Defendant Black was personally responsible for the deprivation of Baker's constitutional rights guaranteed under 42 U.S.C. §1981 by directing or causing the constitutional violation.

36.      Defendant Black intentionally deprived Baker of the same rights enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of his contractual employment with Defendant Santander in violation of 42 U.S.C. §1981.


**WHEREFORE**, Plaintiff DERRICK W. BAKER, prays that this court enters an order against Defendant Black granting the following relief:

a)      Compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b)      Punitive damages in excess of Fifty Thousand Dollars ($50,000.00);

c)      A permanent injunction requiring Defendant to abolish discrimination;

d)      Attorney fees and costs; and

e)      Any further and different relief that the court deems appropriate.

7

Respectfully submitted,

DERRICK W. BAKER

   s/Terri Blanchard
By: s/Terri Blanchard
One of Plaintiff's Attorneys

Terri Blanchard
The Blanchard Law Group, P.C.
16148 Kedzie Avenue
Markham, IL 60428
708-331-3776